UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PANTELIS VALSAMAKIS,

            Plaintiff,

-against-

KALLIOPI NOTIAS, CAROL NOTIAS, STAVROS NOTIAS, 365 REALTY LLC, 368 REALTY LLC, and 369/371 REALTY LLC,

            Defendants.

21 Civ. _____

COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff, Pantelis Valsamakis, brings this action to recover unpaid wages for work he performed for Defendants from December 2015[1] through October 2020 at eight buildings located in Brooklyn, New York.

2. Plaintiff seeks not less than $500,000 in unpaid wages, overtime pay, liquidated damages, interest and attorneys' fees for Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as well as the New York Labor Law ("NYLL") §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

## PARTIES

3. Plaintiff Pantelis Valsamakis resides in Brooklyn, New York. From 2009 until October 2020, he was employed by Defendants as a building superintendent, performing a variety of duties at eight apartment buildings owned by Defendants in Brooklyn. The buildings

---

[1] Defendants underpaid Plaintiff beginning in 2009, but Plaintiff is only seeking unpaid damages within the six-year statute of limitations. *See* New York Labor Law § 663(3).

are located at 364 87th Street, 365 87th Street, 368 87th Street, 369 87th Street, 540 82nd Street, 544 82nd Street, 586 74th Street, and 6823 Ridge Boulevard (the "Buildings").

4. Upon information and belief, Defendant 365 Realty LLC is a New York limited liability company that owns the apartment building located at 365 87th Street in Brooklyn, New York. At all relevant times, 365 Realty LLC was Mr. Valsamakis's employer and, individually or in concert with the other Defendants, part of an "enterprise engaged in commerce" within the meaning of the Federal Labor Standards Act ("FLSA").

5. Upon information and belief, Defendant 368 Realty LLC is a New York limited liability company that owns the apartment buildings located at 364 and 368 87th Street in Brooklyn, New York. At all relevant times, 368 Realty LLC was Mr. Valsamakis's employer and, individually or in concert with the other Defendants, part of an "enterprise engaged in commerce" within the meaning of FLSA.

6. Upon information and belief, Defendant 369/371 Realty LLC is a New York limited liability company that owns the apartment buildings located at 369 and 371 87th Street in Brooklyn, New York. At all relevant times, 369/371 Realty LLC was Mr. Valsamakis's employer and, individually or in concert with the other Defendants, part of an "enterprise engaged in commerce" within the meaning of FLSA. Defendant 367/371 Realty LLC, together with Defendants 365 Realty LLC and 368 Realty LLC, are referred to as the "LLC Defendants."

7. Upon information and belief, Defendant Kalliopi Notias is a resident of Brooklyn, New York and is a principal, owner, and/or managing member of each of the LLC Defendants. In addition, either directly or through certain unknown corporate entities, Ms. Kalliopi Notias is one of the owners of the Buildings in Brooklyn, New York. At all relevant times, Ms. Kalliopi

2

Notias was Mr. Valsamakis's employer and, individually or in concert with the other Defendants, part of an "enterprise engaged in commerce" within the meaning of FLSA.

8. Upon information and belief, Defendant Carol Notias is a resident of Brooklyn, New York and is a principal, owner, and/or managing member of each of the LLC Defendants. In addition, either directly or through certain unknown corporate entities, Ms. Carol Notias is one of the owners of the Buildings. At all relevant times, Ms. Carol Notias was Mr. Valsamakis's employer and, individually or in concert with the other Defendants, part of an "enterprise engaged in commerce" within the meaning of FLSA.

9. Upon information and belief, Defendant Stavros Notias is a resident of Brooklyn, New York and is a principal, owner, and/or managing member of each of the LLC Defendants. In addition, either directly or through certain unknown corporate entities, Mr. Notias is one of the owners of the Buildings. At all relevant times, Mr. Notias was Mr. Valsamakis's employer and, individually or in concert with the other Defendants, part of an "enterprise engaged in commerce" within the meaning of FLSA. Defendants Stavros Notias, Kalliopi Notias and Carol Notias are referred to herein as the "Individual Defendants."

10. Upon information and belief, Defendants comprise an "enterprise engaged in commerce" within the meaning of FLSA. Defendants' enterprise is hereinafter referred to as the "Notias Enterprise."

11. Upon information and belief, the Notias Enterprise collected over $500,000 in rent from the tenants of the Buildings during each year relevant to this action.

12. Upon information and belief, the Notias Enterprise is a covered employer within the meaning of FLSA.

3

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because the conduct giving rise to the complaint took place in this judicial district. Furthermore, Plaintiff resides in this district, and, upon information and belief, Defendants have their principal places of business in this district. Moreover, upon information and belief, the Individual Defendants reside in this district.

## STATUTORY AND REGULATORY FRAMEWORK

### Fair Labor Standards Act

15. FLSA requires covered employers to pay a minimum wage of $7.25 per hour to employees, as well as to pay their employees one and a half times their regular rate for their hours worked beyond 40 hours per week. 29 U.S.C. § 207.

16. Covered employers under FLSA are those who engage in related activities in commerce for a common business purpose and who have a gross volume of business of at least $500,000 per year. 29 U.S.C. § 203(s)(1)(A). An "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

17. Employees under FLSA are any individuals employed by a covered employer. 29 USC § 203(e)(1).

18. Employers covered by FLSA must make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment. 29 U.S.C. §§ 211(c) and 215(a).

4

19. Where an employer's violations of FLSA are willful and intentional and where the employer has not made a good faith effort to comply with FLSA, the employee will be entitled to recover his unpaid wages and an equal amount in liquidated damages, prejudgment interest, and reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### New York Labor Law

20. NYLL § 652 requires employers of ten or fewer employees in the city of New York to pay their employees a minimum wage.

21. From December 27, 2015 through December 30, 2015, the minimum wage under the NYLL was $8.75 per hour and the overtime rate was $13.13 per hour. From December 31, 2015 through December 30, 2016, the minimum wage was $9.00 per hour and the overtime rate was $13.50 per hour. From December 31, 2016 through December 30, 2017, the minimum wage was $10.50 per hour and the overtime rate was $15.75 per hour. From December 31, 2017 through December 30, 2018, the minimum wage was $12.00 per hour and the overtime rate was $18.00 per hour. From December 31, 2018 through December 30, 2019, the minimum wage was $13.50 per hour and the overtime rate was $20.25 per hour. From December 31, 2019 to October 15, 2020, the minimum wage was $15.00 per hour and the overtime rate was $22.50 per hour.

22. In addition, employers must pay their employees an overtime wage of one and one-half times the employee's regular rate of pay for hours worked in excess of forty per week. 12 N.Y.C.R.R. §142-2.2.

23. Any individual, limited liability company or corporation, or organized group acting as an employer, is an employer covered by the statute. NYLL § 651(6).

24. New York State overtime requirements apply to all individuals who fall within its definition of "employee." Section 651(5) of the Labor Law defines "employee" for these purposes as "any individual employed or permitted to work by an employer in any occupation."

25. NYLL § 198(1-a) provides that an underpaid employee is entitled to recover in a civil action the total amount of the underpayment, as well as costs, attorney fees, and prejudgment interest. In addition, if the underpayment was willful, the employee can recover liquidated damages equal to 100% of the total underpayment.

26. In addition, NYLL § 195(3) requires employers to furnish to employees a statement with every payment of wages which must include, for all employees not exempt from overtime, a statement detailing the employee's regular hourly wage, their overtime wage, the number of regular hours worked, and the number of overtime hours worked.

27. NYLL § 195(4) also requires every employer to keep contemporaneous and accurate records of hours worked each week, and for all employees who are not exempt from overtime compensation, the payroll records must include their regular hourly rate or rates of pay, their overtime rate or rates of pay, the number of hours worked, and the number of overtime hours worked.

28. NYLL § 198(1-d) provides that for violations of NYLL § 195(3), an underpaid employee is entitled to recover damages of $250 for each work day that the violations occurred or continued to occur, up to a maximum total of $5,000, plus costs, reasonable attorneys' fees, and any other relief that the Court in its discretion deems appropriate.

**FACTS**

29. Plaintiff Pantelis Valsamakis was employed as a superintendent at the Buildings from 2009 until October 2020, when he was terminated by the Defendants.

30. As building superintendent, Plaintiff performed duties including disposing of building waste, cleaning, recycling, repairs, addressing building citations from city authorities, collecting rent, shoveling snow, responding to tenant requests and running errands. Upon information and belief, in the course of performing these duties, Mr. Valsamakis handled goods, including tools and other building materials, that had moved through interstate commerce.

31. Plaintiff was also asked on numerous occasions to shovel and make repairs to the Individual Defendants' personal homes and appeared on behalf of Defendants in housing court.

32. During the course of his employment, Plaintiff lived in a substandard apartment at 369 87th St., Brooklyn, New York 11209 (the "Substandard Apartment").

33. At all relevant times, the Substandard Apartment did not have electricity, a working stove or a kitchen sink. Plaintiff's only source of electricity was an extension cord that was run from the basement. This could result in a blown fuse whenever multiple appliances were used simultaneously. For example, during the summer, Plaintiff would often have to unplug the refrigerator in order to be able to use a fan. Plaintiff was only able to cook using a hot plate. The Individual Defendants also stored their personal items and tools for building maintenance in the Substandard Apartment's living room, and as a result, Plaintiff could not make use of the living room.

34. Plaintiff was the only on-site employee at 369 87th Street during the course of his employment. Plaintiff estimates that he worked an average of 10 hours per day, seven days per week throughout his employment.

35. Plaintiff's regular rate of pay was $20 per day, seven days per week.

36. Defendants did not pay Plaintiff at regular intervals. When Plaintiff would approach Defendants for his wages, Defendants often paid him whatever cash they had on hand.

37. In or about October 2020, Plaintiff asked Defendants for a raise. Following this request, Defendants terminated Plaintiff's employment.

38. In or about March 2021, Plaintiff received an eviction notice from Defendants.

39. As of December 27, 2021, the eviction is pending in housing court, and Plaintiff still resides in the Substandard Apartment.

40. From December 2015 until October 2020, Plaintiff worked more than 40 hours each week for Defendants.

## FIRST CLAIM FOR RELIEF

### Unpaid Wages and Overtime Wages in Violation of FLSA

41. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 through 40.

42. At all relevant times, Defendants were employers whose employees were engaged in commerce within the meaning of 29 U.S.C. § 203(d) and (s). Upon information and belief, at all relevant times, the Notias Enterprise had gross revenues in excess of $500,000 per year.

43. Plaintiff is an employee within the meaning of the 29 U.S.C. § 207(a). Until he was terminated in October 2020 and at all relevant times, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

44. From before December 2015 until October 2020, Defendants failed to pay Plaintiff the minimum hourly wage prescribed by 29 U.S.C. §206(a)(1).

45. In addition, Defendants failed to pay Plaintiff at the overtime rates mandated by 29 U.S.C. § 207.

46. Defendants' violations of FLSA, as described herein, were willful and intentional. Defendants failed to make a good faith effort to comply with FLSA with respect to the Plaintiff's compensation when they knew or should have known such was due and that failing to do so would financially injure Plaintiff. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendants, jointly and severally, amounts to be determined at trial for his unpaid minimum wages and overtime, an equal amount as liquidated damages, reasonable attorneys' fees, and the costs of the action.

## SECOND CLAIM FOR RELIEF

**Unpaid Wages and Overtime Wages under the New York Labor Law**

47. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 through 40.

48. At all relevant times, Defendants were employers and Plaintiff was their employee within the meaning of NYLL § 651.

49. From before December 2015 through October 2020, Defendants failed to pay Plaintiff the minimum wages at the rates prescribed by NYLL § 652.

50. In addition, Defendants failed to pay Plaintiff one and one half times his regular hourly rate for all hours worked in excess of forty hours per work week, in violation of the NYLL and 12 N.Y.C.R.R. §142-2.2.

51. Defendants' failure to pay wages and overtime compensation to Plaintiff was willful. NYLL § 663.

52. Plaintiff is entitled to recover the total of his unpaid minimum wages and overtime since December 2015, an additional amount in liquidated damages equal to the total of his unpaid minimum wages and overtime, reasonable attorneys' fees, and pre- as well as post-judgment interest. NYLL §§ 198(1-a), 663(1).

## **THIRD CLAIM FOR RELIEF**

### **Failure to Provide Statements Required by NYLL §195(3)**

53. Plaintiff realleges and incorporates by reference every allegation in paragraphs 1 through 40.

54. From before December 2015 until October 2020, Defendants willfully failed to provide with each payment of wages statements detailing the hours Mr. Valsamakis had worked, any hours worked over 40, and his regular and overtime wages, in violation of NYLL § 195(3).

55. Plaintiff is entitled pursuant to NYLL §198(1)(d) to recover damages of $250 for each work day that the violations occurred or continued to occur, up to a maximum total of $5,000, as well as costs, reasonable attorneys' fees, and any other relief that the Court in its discretion deems appropriate.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award Plaintiff damages for unpaid wages and overtime due under FLSA and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §§ 206 and 207;

(b) Award Plaintiff damages for unpaid wages and overtime under the NYLL;

(c) Award Plaintiff liquidated damages, pursuant to NYLL § 663(1);

(d) Award Plaintiff no less than $5,000 for Defendants' violations of NYLL §195(3);

(e) Award Plaintiff pre- and post-judgment interest;

(f) Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to NYLL § 663 and 29 U.S.C. § 216(b); and

(g) Grant such other and further relief as this Court deems necessary and proper.

Dated: December 27, 2021
      New York, New York

                                       Respectfully submitted,

                                       */s/ Boaz Morag*
                                       Boaz Morag, Esq.
                                       bmorag@cgsh.com
                                       Daniel Montgomery, Esq.
                                       dmontgomery@cgsh.com
                                       CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                       One Liberty Plaza
                                       New York, New York 10006
                                       T: 212-225-2000
                                       F: 212-225-3999

                                       Attorneys for Plaintiff Pantelis Valsamakis


                                       */s/ Magdalena Barbosa*
                                       Magdalena Barbosa, Esq.
                                       mbarbosa@catholicmigration.org
                                       CATHOLIC MIGRATION SERVICES, INC.
                                       47-01 Queens Boulevard, Suite 203
                                       Sunnyside, NY 11104
                                       T: 347-472-3500