UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PANTELIS VALSAMAKIS,

                  Plaintiff,

  -against-

KALLIOPI NOTIAS, CAROL NOTIAS,
STAVROS NOTIAS, 369/371 REALTY LLC,
368 REALTY LLC, and 365 REALTY LLC,

                 Defendants.
----------------------------------------------------------------X

**ORDER**
**21 CV 7128 (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff moves for entry of judgment against defendant Carol Notias ("defendant"), alleging she breached the parties' settlement agreement. ECF No. 76. For the reasons discussed below, plaintiff's motion is granted.

## BACKGROUND

Familiarity with the facts of this case and the material terms of the parties' settlement agreement is presumed. Both are discussed at length in the Court's January 3 Order holding the parties' oral settlement agreement, reached on September 28, 2022, to be binding and enforceable. ECF No. 73. In relevant part, the parties agreed that defendants Stavros Notias, Kalliopi Notias,[1] and Carol Notias would each pay plaintiff a total of $22,500 within forty-five days of Court approval of the settlement agreement. Id. 3-4. Plaintiff was required to vacate his apartment within thirty days of defendants' initial payment towards the full settlement amount. Id. If defendants failed to pay the full settlement amount, they agreed to entry of individual confessions of judgment for their portion of the unpaid settlement amount, plus ten percent in liquidated damages and nine percent interest. Id. at 4. The parties' obligations to comply with the settlement terms commenced on January 3, 2023, when the Court approved their oral agreement. Id. at 10.

---

[1] Stavros and Kalliopi Notias settled this case on behalf of themselves and the LLC defendants.

1

**DISCUSSION**

As a threshold matter, the Court finds that it has jurisdiction to enforce the settlement agreement. "For a court to retain ancillary jurisdiction over enforcement of a settlement, a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Essar Steel Algoma v. S. Coal Sales Corp., No. 17-MC-0360, 2022 WL 11405807, at *1 (S.D.N.Y. Oct. 18, 2022) (quotation and citation omitted)[2]. Here, the Court expressly retained jurisdiction to enforce the settlement agreement in its order approving the settlement and dismissing the case. ECF No. 73 at 11.

"A settlement agreement is a contract that is interpreted according to general principles of contract law." MSC Mediterranean Shipping Co. S.A. v. Oceanic Container Line, Inc., No. 19-CV-6440, 2022 WL 1158455, at *2 (S.D.N.Y. Mar. 29, 2022) (quoting Omega Eng'g Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005)). "Whether New York State or federal common law governs a dispute over a settlement agreement remains an open question in the Second Circuit, but that Court has found 'no material difference between the applicable state law or federal common law standard.'" Butler v. Suria, No. 17-CV-3077, 2020 WL 5105160, at *2 (S.D.N.Y. Aug. 31, 2020) (quoting Kaczmarcysk v. Dutton, 414 F. App'x 354, 355 (2d Cir. 2011) (summary order)).

Here, the parties do not dispute that they "reached a settlement" for a total of $67,500, that defendant Carol Notias was responsible for paying one-third of this amount, and that defendant has only paid plaintiff $7,500 to date. ECF No. 79 ("Def's Opp.") at 1, 3; ECF No. 76-2, Valsamakis Decl. ¶¶ 4, 7, 9. Defendant's failure to pay the remaining $15,000 she owes within the

---

[2] The Clerk of Court is respectfully directed to send defendant the attached copies of the unreported cases cited herein.

forty-five-day window provided by the agreement constitutes a material breach of the settlement. See Essar Steel Algoma, 2022 WL 11405807, at *2 (finding defendants "indisputably" breached settlement agreement because they did not comply with payment and timing provisions). Contrary to defendant's assertions, there is no showing that plaintiff failed to live up to his obligations under the settlement agreement. He vacated his apartment within thirty days of receiving the initial payment and returned certain documents to defendants, as required.[3] Valsamakis Decl. ¶ 5; ECF No. 81-3 at 2.

The only question remaining is whether defendant's breach is excused or otherwise justified. Defendant makes two arguments in support of her request that the Court "reconsider [her] portion of the fifteen thousand": first, that she is unable to pay, and second that the settlement terms are unfair. Def's Opp. at 1. Defendant recapitulates arguments that she raised—and which the Court rejected—when opposing plaintiff's motion to enforce the oral settlement agreement. See ECF No. 69. Just as her arguments failed then, they fail now.

First, "inability to pay is not a defense to breach of a settlement agreement." Butler, 2020 WL 5105160, at *2; Essar Steel Algoma, 2022 WL 11405807, at *2 ("[F]inancial difficulty is not a valid excuse for failure to perform contractual obligations.") (collecting cases).

Second, defendant asserts she "shouldn't be held liable for 1/3" of the settlement amount since she does "not have a 1/3 responsibility in the plaintiff's allegations [.]" Def's Opp. at 1. Although she agreed to pay $22,500 to plaintiff, defendant does "not feel that [she] was represented or projected fairly" and that her counsel "did not support the least me [sic] during the settlement." Id. at 1-2. In short, defendant argues she "regretfully agreed" to what she views to be a bad deal.[4]

---

[3] If Carol Notias has not received those documents, she should contact her co-defendants.
[4] Defendant agreed to the terms of the settlement on the record at a conference before the Court. No one forced her to do so—not her attorney, not her co-defendants, and not plaintiff. The transcript of the settlement conference is clear on this issue. See Sept. 28, 2022 Conf. Tr., ECF No. 58, 31:17-32:6.

Id. at 1. But such "buyer's remorse" is "not a basis . . . to avoid the enforcement of a documented agreement to settle a lawsuit." Canales Sanchez v. Harris, No. 09-CV-10323, 2011 WL 13128118, at *6 (S.D.N.Y. Aug. 5, 2011), *report and recommendation adopted*, 2011 WL 13128203 (S.D.N.Y. Dec. 15, 2011), *aff'd*, 509 F. App'x 93 (2d Cir. 2013). Nor is it an excuse to breach a contract. That the litigation would have continued if the parties did not reach a settlement does not show defendant was under any duress to agree. Wells v. City of New York, No. 16-CV-825, 2019 WL 1270816, at *5 (E.D.N.Y. Mar. 18, 2019), *aff'd*, 804 F. App'x 88 (2d Cir. 2020) ("Duress cannot be established by a threat to take action that is legally permissible, and preclusion of the exercise of free will requires a showing that acceptance of the contract terms was involuntary because circumstances permitted no other alternative.").

## CONCLUSION

For the reasons set forth above, plaintiff's motion, ECF No. 76, is granted. Judgment is awarded to plaintiff Pantelis Valsamakis against defendant Carol Notias in the amount of $15,000 plus $1,500 in liquidated damages, plus nine percent annual interest calculated from January 3, 2023 until the judgment is satisfied on the sum of $16,500. The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 24, 2023
  Brooklyn, New York